UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JULIUS MCGEE** | **CASE NO. 2:22-CV-03493** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **FOREMOST INSURANCE CO GRAND RAPIDS MICHIGAN** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the court is a civil suit that comes before the court for dismissal under Federal Rule of Civil Procedure 41(b).

### I.
#### BACKGROUND

This suit arises from alleged damage to plaintiff's home in Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020, and Hurricane Delta, which impacted the same area on October 9, 2020. Plaintiff, who was then represented by counsel from the law firm of McClenny Moseley & Associates, filed suit in this court against Foremost Insurance Company of Grand Rapids, Michigan, on August 24, 2022, raising claims of breach of insurance contract and bad faith. Doc. 1. All cases filed by plaintiff's counsel were suspended due to concerns about misconduct committed by that firm. Docs. 4, 9.

On August 18, 2023, the magistrate judge entered an order terminating MMA's representation of plaintiff, reminding plaintiff of his responsibilities as a pro se litigant until he obtained other representation, and directing the parties to "immediately proceed

according to the Court's Case Management Order No. 1 (Doc. 2)." Doc. 14. On September 20, 2023, the magistrate judge conducted a status conference on the matter. Doc. 18. Plaintiff did not appear but had called chambers earlier to advise that he was disabled and could not attend. *Id.* Five days later, the court received a letter from plaintiff requesting that his case not be dismissed. Doc. 19. Accordingly, the magistrate judge issued an order on November 2, 2023, directing the parties to provide written status reports by November 22, 2023, and to attend a telephone status conference on December 1, 2023. Doc. 21. She also advised plaintiff that "failure to submit the report or participate in the status conference . . . may result in adverse action being taken which could include a recommendation [that] the matter be dismissed for failure to follow court orders or to prosecute this matter to conclusion." *Id.* Minutes from the December 1 status conference reflect that neither party complied with the status report requirement, nor did anyone call in at the allotted time. Doc. 22. No party has taken any action in the case since that time.

## II.
## LAW & APPLICATION

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to prosecute or comply with a court order, with or without notice to the parties, "incident to its inherent powers." *Rogers v. Kroger Co.*, 669 F.2d 317, 319–20 (5th Cir. 1982) (citing *Link v. Wabash R.*, 370 U.S. 626, 630–33 (1962)); *see also Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996). Here plaintiff failed to comply with the terms of the Case Management Order, despite multiple direct warnings and extensions. To date she has not come forward and provided the information necessary so that this action may progress.

Accordingly, her claims should be dismissed due to both her violation of court orders as well as her failure to prosecute the matter.

A case should only be dismissed with prejudice under Rule 41(b) "upon a showing of 'a clear record of delay or contumacious conduct by the plaintiff . . . and where lesser sanctions would not serve the best interests of justice.'" *Rogers*, 669 F.2d at 320 (quoting *Pond v. Braniff Airways, Inc.*, 453 F.2d 347, 349 (5th Cir. 1972)). When a dismissal is without prejudice but the applicable statute of limitations probably bars further litigation, the court of appeals reviews the matter as a dismissal with prejudice. *Griggs v. S.E. Mgmt., LLC*, 905 F.3d 835, 844 (5th Cir. 2018). In most cases affirming dismissal with prejudice, the Fifth Circuit has found at least one of the following aggravating factors: (1) delay caused by the plaintiff himself and not by his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). A delay warranting dismissal "must be longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326–27 (5th Cir. 2008) (internal quotations omitted).

Here plaintiff has taken no action in the case since his letter of September 2023, requesting that the case not be dismissed. Additionally, the delay is clearly attributable to plaintiff rather than an attorney since he is representing himself. Because there is no record of bad faith or contumaciousness on plaintiff's part, the court will only dismiss the claims without prejudice. Plaintiff thus faces a slim window to revive his claims, given that the suit was filed so close to the expiration of the two-year limitations period for Hurricane

Laura. But the court can find no sanction short of dismissal appropriate to remedy plaintiff's unwillingness to participate in the suit and no justification for leaving this matter pending indefinitely on the court's docket.

### III.
#### CONCLUSION

For the reasons stated above, all claims in this matter will be **DISMISSED WITHOUT PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 24th day of May, 2024.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**